# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————————

No. 00-40279
Summary Calendar

—————————

CHESTER RAY JOHNSON,

Plaintiff-Appellant,

versus

MARY CHOATE, Sheriff; GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION;
S.O. WOODS, JR., Record Clerk,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:99-CV-264
---------------------------------------------------------
October 25, 2000

Before JOLLY, DAVIS and STEWART, Circuit Judges:

PER CURIAM:[*]

Chester Ray Johnson, Texas prisoner #683871, has filed a motion for leave to proceed *in forma pauperis* (IFP) on appeal, following the district court's dismissal as frivolous of his civil rights action pursuant to 42 U.S.C. § 1983. By moving for IFP status, Johnson is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is frivolous and is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Johnson addresses on appeal the district court's determination that he did not pay the initial filing fee as ordered and the merits of his action. However, he fails to address whether he filed his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint after the statute of limitations period expired, which was an independent basis of district court's dismissal of his complaint and denial of his IFP request. Accordingly, we uphold the district court's order certifying that the appeal is frivolous because Johnson has failed to identify any error in the district court's dismissal based on the expiration of the statute of limitations. See Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987). Johnson's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2

The dismissal of this appeal as frivolous counts as a "strike" for purposes of § 1915(g), as does the district court's dismissal of his complaint as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). He therefore has two "strikes" under § 1915(g). Johnson is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; STRIKE WARNING ISSUED.